**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TIMOTHY J. THORNE, SR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 4:05-CV-00938-SNL** |
| | ) | |
| **ST. FRANCOIS COUNTY JAIL,** | ) | |
| **MISSOURI DIVISION OF SOCIAL** | ) | |
| **SERVICES, MARK COWEN,** | ) | |
| **DENISE WIESS, MEL SHAWN,** | ) | |
| **HARDY WHITE, JIM HARRIS,** | ) | |
| **DAN BULLOCK, CHARLES** | ) | |
| **CHASTAIN, WENDY WEXLER** | ) | |
| **HORN, PAT KING, KENNETH** | ) | |
| **PRATTE, AND UNKNOWN DOCTOR,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Timothy J. Thorne, Sr.,

(Registration No. 359521) for leave to commence this action without payment of the required filing

fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma

pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in

his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial

partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's

account; or (2) the average monthly balance in the prisoner's account for the prior six-month period.

*See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to

make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six months period immediately preceding the submission of his complaint on June 10, 2005. *See* 28 U.S.C. § 1915(a)(1), (2). A review of applicant's account statement indicates an average monthly deposit of $9.58, and an average monthly account balance of $2.25. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.92, which is 20 percent of applicant's average monthly deposit.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are

clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

## The complaint

Plaintiff, an inmate at Eastern Reception, Diagnostic and Correctional Center, formerly incarcerated at St. Francois County Jail ("SFCJ"), seeks relief in this 42 U.S.C. § 1983 action against numerous named defendants. Plaintiff alleges that he was beaten in SFCJ such that he lost about 80% of the eyesight in his right eye, had tissue damage on the right side of his head, and continues to have shoulder pain and headaches. Plaintiff alleges that the guards at SFCJ paid other inmates in cigarettes to hurt him, that they put him in the "rubber room" for two days without water and toilet use, that they forced him to confess to crimes he did not commit, and that he was refused his medication and, as a result, had seizures. Plaintiff seeks monetary relief for violation of his constitutional rights.

## Discussion

Plaintiff's complaint is without merit because he has not alleged that any specific defendant was directly responsible for the actions and conditions of which he complains or that any defendant had personal knowledge of such actions and conditions. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under section 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). It is not the duty of the Court to supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded. *See Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988). Plaintiff's

3

allegations are entirely conclusory and, as such, are frivolous or fail to state a claim on which relief may be granted, or both.

The only defendant against whom plaintiff makes a specific allegation is Judge Pratte. However, plaintiff does not maintain that Judge Pratte was responsible for his alleged mistreatment at SFCJ. Rather, plaintiff alleges that Judge Pratte accepted his plea without knowing what plaintiff was charged with and that he sentenced plaintiff to prison for twenty-five years after plaintiff pled guilty to something with which he was not charged. Even assuming, *arguendo,* that plaintiff has stated a claim, however attenuated, against Judge Pratte, such claim is legally frivolous because the acts of which plaintiff complains were performed in Judge Pratte's official capacity. Judges are immune from liability for damages under § 1983 where the alleged wrongdoings were performed within their judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Because the Court will dismiss plaintiff's complaint, it will also deny plaintiff's motion for appointment of counsel [Doc. #3] and motion for help in retrieving videotapes [Doc. #4].

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] be **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $1.92 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] and motion for help in retrieving videotapes [Doc. #4] be **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint.

An appropriate order shall accompany this order and memorandum.

Dated this  2nd  day of August, 2005.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**